IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FOUR SEASONS SOLAR PRODUCTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 2:07-CV-1858-LSC |
| | ) | |
| CENTURY HOMES, INC., a corporation, | ) | |
| and JOHN WESLEY DUKE, an individual, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter came before the Court on Plaintiff's Motion for a Preliminary Injunction.  (Doc. 3.)  In support of the motion, Plaintiff submitted the Affidavits of John DiSalvo and Diane B. Maughan and relied upon the Affidavits of Tony Russo and Ken Roberts.  The Court set a hearing on Plaintiff's motion for Thursday, November 1, 2007, at 10:00 a.m.  Defendants' answers and responsive pleadings were due October 31, 2007.  Defendants did not appear at the November 1st hearing, and they have failed to answer or otherwise appear in this matter, despite being served with process and having notice of two hearings.  Plaintiff subsequently filed a Motion for Default Judgment.  (Doc. 8.)  Entries of

Default were docketed on November 5, 2007. (Doc. 9.) For the reasons stated below, the Court finds Plaintiff's Motion for Default Judgment is due to be granted.

## Findings of Fact

Upon consideration of the plaintiff's submissions in this case, the Court hereby makes the following findings of fact.

1.	Plaintiff Four Seasons Solar Products LLC ("Four Seasons") is a New York limited liability company that manufactures sunrooms and patio enclosures, which it markets for sale primarily through independent dealers and franchisees located throughout the United States.

2.	Four Seasons is the owner of several trademarks registered with the United States Patent & Trademark Office ("USPTO"), including the word mark "FOUR SEASONS SUNROOMS" (Reg. No. 2778212) and two registrations of the Four Seasons Sunrooms logo (Reg. No. 1907045, which became incontestable on July 13, 2001, and Reg. No. 3239048) (collectively referred to herein as the "Four Seasons Trademarks"). Four Seasons' products are marketed utilizing the Four Seasons Trademarks.

3.	On or about June 20, 2005, Four Seasons entered into a Retail Authorized Dealer Agreement ("Dealer Agreement") with defendant

Century Homes, Inc. ("Century Homes"), pursuant to which Century Homes was authorized to market, sell, install, and service sunroom products manufactured by Four Seasons, and Century Homes was granted a nonexclusive license to use the Four Seasons Trademarks.  Through the Dealer Agreement, Century Homes agreed that it has no right, title, or interest in or to the name and mark "Four Seasons," or any of the trademarks, service marks, trade names, symbols, or logos used on or related to Four Seasons products.

4. Under the terms of the Dealer Agreement, Century Homes agreed not to contest in any way Four Seasons' ownership of Four Seasons' trademarks and names or Four Seasons' copyrights, patents, and business and intellectual property registrations.  Century Homes also agreed not to take any action to the detriment of Four Seasons' interest in such trademarks, names, copyrights, patents, and business and intellectual property registrations.

5. Pursuant to the Dealer Agreement, Century Homes agreed to pay to Four Seasons certain fees and to pay for Four Seasons products on such terms as may be extended to Century Homes by Four Seasons.  In addition, Century Homes agreed to protect, defend, indemnify, and hold

harmless Four Seasons from and against any and all claims, actions, proceedings, damages, costs, expenses, and other losses and liabilities, including attorneys' fees, incurred as a result of, or arising out of, any acts of Century Homes in marketing, servicing, and installing Four Seasons products.

6. Defendant John Wesley Duke is the president of Century Homes. In consideration of, and as an inducement to, the execution of the Dealer Agreement by Four Seasons, defendant Duke executed a written Personal Guaranty of Undertakings ("Guaranty") dated June 20, 2005, whereby he individually and personally guaranteed performance of every covenant, payment, agreement, and undertaking on the part of Century Homes contained and set forth in the Dealer Agreement. The Guaranty specifically obligates Duke to pay all expenses paid or incurred by Four Seasons, including attorneys' fees, in attempting to enforce the Dealer Agreement or the Guaranty.

7. Defendants are indebted to Four Seasons for (a) amounts due under the terms of purchase orders for Four Seasons products ordered by and delivered to Defendants, and (b) costs and expenses incurred by Four

Seasons for which defendants are obligated to indemnify Four Seasons. The current amount owed by Defendants to Four Seasons is $251,025.22.

8. Defendants have a continuing obligation of indemnity to Four Seasons for additional amounts that are incurred by Four Seasons in the future as a result of, or arising out of, any acts of Century Homes in marketing, servicing, and installing Four Seasons products, including the defense of lawsuits that have been filed against Four Seasons.

9. On or about February 15, 2007, as provided by the Dealer Agreement, Four Seasons sent to Defendants a Notice to Cure, via Certified Mail, notifying Defendants that they were in default of the Dealer Agreement due to their failure to comply with their obligation to promptly pay invoices due. Pursuant to the Notice to Cure, Defendants were given thirty (30) days to cure the default.

10. On or about March 27, 2007, Four Seasons exercised its rights pursuant to the Dealer Agreement to terminate the Dealer Agreement due to Defendants' failure to cure the default referenced in the Notice to Cure. Defendants were notified via letter that they are no longer authorized to offer and sell Four Seasons products or otherwise to utilize the Four Seasons trade name, logo, trademark, and/or service mark.

11. The Dealer Agreement provides that upon termination, Defendants will cease holding themselves out as a Four Seasons dealer; discontinue any use of the Four Seasons trade name, logo, trademark, and/or service mark; will remove all signs, names, insignia, logotypes, telephone directory listings, and advertisements, and any other materials which identify it as an authorized Four Seasons dealer; and will return to Four Seasons all material bearing the Four Seasons designations, and all other materials furnished to Defendants by Four Seasons.

12. On April 4, 2007, Four Seasons sent a notice to Defendants demanding that the defendants: (a) immediately cease and desist holding themselves out as a Four Seasons dealer; (b) discontinue use of the Four Seasons trade name, logo, trademark, and/or service mark; and (c) remove any and all signs, names, insignia, logotypes, telephone directory listings, advertisements, and any other material identifying them as an authorized Four Seasons dealer or otherwise referencing Four Seasons or its products.

13. To date, Defendants have continued to hold themselves out as an authorized Four Seasons dealer and have wrongfully utilized and infringed upon the Four Seasons Trademarks, including continuing to

enter into contracts with consumers for the sale and installation of Four Seasons products, notwithstanding that the Dealer Agreement has been terminated and Defendants are no longer authorized to sell Four Seasons products.

## Conclusions

In view of the defendants' failure to answer or otherwise appear in this matter, and upon full consideration of the plaintiff's Motion for Default Judgment; the Affidavits of John D. DiSalvo, Diane B. Maughan, Tony Russo, and Ken Roberts; and the pleadings filed in this case, the Court finds that Plaintiff is entitled to default judgment in its favor for amounts owed pursuant to the terms of the Dealer Agreement.

The Court also finds that Plaintiff is entitled to a permanent injunction. Plaintiff has suffered and is currently suffering injury, loss, and/or damage from Defendants' unauthorized use of the Four Seasons trade name, logo, trademark, and/or service mark, as well as Defendants' representations that they are an authorized Four Seasons dealer. Plaintiff has established irreparable injury through trademark infringement; the injury outweighs whatever damage this injunction may

impose on Defendants; and an injunction is not adverse to the public interest.

Plaintiff is further entitled to recover its legal fees and expenses incurred in prosecuting this case.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendants are permanently enjoined from holding themselves out as a Four Seasons dealer;

2. Defendants are permanently enjoined from utilizing the Four Seasons name in any manner, including, but not limited to, advertising, marketing, promotion, or operation of any business activity;

3. Defendants shall permanently remove all signs, names, insignia, logotypes, telephone directory listings, advertisements, contract forms, brochures, and any other material which might identify them as an authorized Four Seasons dealer; and

4. Defendants shall return to Four Seasons any and all materials bearing the Four Seasons trademarks and all materials that were furnished by Four Seasons to defendants.

5. Plaintiff is entitled to damages against each of the defendants, separately and severally, in the amount of $257,765.56, which includes compensatory damages in the amount of $251,025.22, plus legal fees and expenses in the amount of $6,740.34.  Plaintiff is also entitled to interest hereafter on this amount at the prevailing legal rate per annum until paid in full.

6. Defendants owe a continuing obligation of indemnity to Four Seasons for additional fees, expenses, and other amounts incurred by Four Seasons in the future as a result of or arising out of any acts of Defendants in marketing, servicing, and installing Four Seasons products, including the defense of lawsuits that have been filed against Four Seasons, which obligation Four Seasons may seek to enforce in one or more separate lawsuits or claims.

7. The temporary restraining order entered by the Court on October 18, 2007, has expired, and the $5,000 bond posted by Four Seasons shall be released by the Clerk of Court.

8. By separate order, judgment by default will be GRANTED.

Done this <u>7th</u> day of <u>November 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297